United States Courts
Southern District of Texas
FILED

*April 30, 2025*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **SUPERSEDING INDICTMENT** |
| **v.** | **CRIMINAL NO. 4:23-CR-00105** |
| **SHAQUILE O'NEAL RICHARDS,** a/k/a Shaquille Richards, a/k/a "Shaq," a/k/a "103 Shaq," a/k/a "103shaq_isback,"| **(18 U.S.C. § 924(j)(1) and § 2 – Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death).** |
| **ALEXANDRA ELIZABETH NICKS,** a/k/a "Bloodbath," a/k/a "Alimo," a/k/a "Alamo," | |
| **MARCUS DEWANE CHRISTOPHER,** a/k/a Marcus Christopher, a/k/a Marcus D Christopher, a/k/a Marcus Dewayne Christopher, a/k/a "Moe," a/k/a "Big Moe," a/k/a "Big Boy," a/k/a "Big Man," a/k/a "thirdward_moe," | |
| **MARQUIS JUWAN ERSKIN,** a/k/a Marquis Erskin, a/k/a Marquis J Erskin, a/k/a Marquis J Erskiin, a/k/a Marquis Juwa Erskin, a/k/a "Erski," a/k/a "Bangzz," a/k/a "Cocaine_bangzz," and | |
| **Defendants.** | |

## SUPERSEDING INDICTMENT

### THE GRAND JURY CHARGES THAT:

### COUNT ONE

**(Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death)**

1.  At all times relevant to this Superseding Indictment, the 100% Third Ward (103) was a

criminal street gang that operated in and around the Third Ward of Southeast Houston, Texas.

The 100% Third Ward (103) criminal street gang (hereinafter, "103," or "103 Gang") recruited its members from the neighborhoods within the Historic Third Ward area of Southeast Houston, Texas. The 103-gang claimed the Third Ward as its territory.

2.   103 members and associates often identified themselves within smaller street cliques that were each aligned with and fell under the control of the 103-gang.  Approximately twenty smaller cliques fell under the 103-gang umbrella. Two such cliques were the Problem Gang (or Pistol Gang or PG) and Only My Brothers (or OMB or O.M.B).

3.   The number 103, and various combinations of the numbers 1,0 and 3, and related hand signs depicting these numbers, are commonly, though not universally, displayed by 103-gang members in tattoos, hand signs, clothing and social media tags as a way of displaying their affiliation, loyalty and commitment to the gang and its cliques.   Common tattoos included the numbers 103, tattoos of hand signals including putting up a "1" on one hand and an "03" on the other hand,   and   words and symbols that referred to the Third Ward and particular 103-gang cliques.

4.   The primary rivals of the 103-gang and its cliques were the Young Scott Block (YSB) or Scott Block criminal street gang and its cliques which claimed the area of Sunnyside in Southeast Houston, which borders the Third Ward.   The dividing line for these two gangs' territories was the Old Spanish Trail in Southeast Houston. Since approximately 2012, the 103 gang and the YSB have been engaged in a gang war that has resulted in numerous murders attributed to both gangs.

5.   103-gang members and associates resided in and frequented the geographic neighborhoods of Third Ward and commonly carried firearms on their person to establish gang hang outs and other "territory," such as strip centers, parks, and apartment complexes, that were free of rival gang members.

6.   The various 103 cliques and 103-gang members worked together to carry out illegal activities for the benefit of the 103-gang and its membership.  103-gang members and the 103 cliques fought with other street gangs for control of territory from which they conducted narcotics trafficking and other crimes and recruited and intimidated non-gang members.  The various 103 cliques and 103-gang members engaged in acts of violence and intimidation to control illegal activities, to claim or maintain established territory, to retaliate against a rival gang or suspected rival gang member, to gain notoriety and respect, to dissuade cooperation with law enforcement and to send a message to others that they are a strong, powerful gang that is not to be provoked.

7.   103 gang members and associates used violence, threats of violence, and intimidation, including acts involving murder, robbery, and assault, against their rivals to preserve, protect, and expand the 103-gang's criminal operations and to enhance its prestige, reputation, and position within the community.

8.   103-gang members and associates managed the procurement, transfer, use, concealment, and disposal of firearms within the 103 gang to deter, eliminate, and retaliate against rival gang members and others adverse to the 103 gang and to protect gang-related territory, personnel, and operations. 103 gang members and associates obtained, used, carried, possessed, brandished, and discharged firearms in connection with the illegal activities of the 103 Enterprise, including, but not limited to acts involving murder, robbery, assault, and the illegal trafficking of controlled substances.

9.   103-gang members and associates procured, maintained, used, and disposed of stolen vehicles to carry out the illegal objectives of the 103-gang such as acts involving murder, robbery, and narcotics trafficking.

10. 103-gang members and associates used, attempted to use, and conspired to use robbery and narcotics trafficking as a mechanism to obtain money. 103-gang members and associates are expected to send money to 103-gang members and associates who are incarcerated.

## The Racketeering Enterprise

11. The 100% Third Ward (103), including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, § 1959(b)(2), that is, a group of individuals associated in fact which engaged in and the activities of which affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

12. The purposes of the 103-gang Enterprise included the following:

a.   Preserving and protecting the power, territory, and reputation of 103 through the use of violence, threats of violence, and intimidation;

b.   Promoting and enhancing 103-gang and the activities of its members and associates by committing crimes, including but not limited to, murder;

c.   Keeping victims, potential victims, and community members in fear of the 103-gang and its members and associates through violence, threats of violence, and intimidation;

d.   Confronting and retaliating against rival gangs through the use of violence, threats of violence and intimidation;

e.   Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence;

f.   Enriching the members and associates of the enterprise through criminal activity, including robbery, and narcotics trafficking;

g. Hindering and obstructing efforts of law enforcement to identify, apprehend, and successfully prosecute offending gang members; and

h. Providing financial support and information to 103-gang members and associates, including those who are incarcerated.

13. At all times relevant to this Superseding Indictment, the 103-gang, the above-described enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

14. On or about October 16, 2017, in the Southern District of Texas, the defendants

**SHAQUILE O'NEAL RICHARDS,**
**a/k/a SHAQUILE RICHARDS, a/k/a "Shaq," a/k/a "103 Shaq," a/k/a "103shaq_isback,"**

**ALEXANDRA ELIZABETH NICKS,**
**a/k/a "Bloodbath," a/k/a "Alimo," a/k/a "Alamo,"**

**MARCUS DEWANE CHRISTOPHER,**
**a/k/a Marcus Christopher, a/k/a Marcus D Christopher, a/k/a Marcus Dewayne**
**Christopher, a/k/a "Moe," a/k/a "Big Moe," a/k/a "Big Boy," a/k/a "Big Man," a/k/a**
**"thirdward_moe,"**

**MARQUIS JUWAN ERSKIN,**
**a/k/a Marquis Erskin, a/k/a Marquis J Erskin, a/k/a Marquis J Erskiin, a/k/a Marquis**
**Juwa Erskin, a/k/a "Erski," a/k/a "Bangzz," a/k/a "Cocaine_bangzz," and**

for the purpose of maintaining and increasing position in the 103-gang, an enterprise engaged in racketeering activity,  while aiding, abetting, counselling, and inducing each other,  did knowingly and intentionally, murder Sam Johnson, in violation of Texas Penal Code Sections § 19.01, 19.02(b), 7.01, and 7.02(a), all in violation of Title 18, United States Code, Section 1959(a)(1) and Title 18, United States Code, Section 2.

15.        On or about October 16, 2017, in the Southern District of Texas, the defendants

**SHAQUILE O'NEAL RICHARDS,**
**a/k/a SHAQUILE RICHARDS, a/k/a "Shaq," a/k/a "103 Shaq," a/k/a**
**"103shaq_isback,"**

**ALEXANDRA ELIZABETH NICKS,**
**a/k/a "Bloodbath," a/k/a "Alimo," a/k/a "Alamo,"**

**MARCUS DEWANE CHRISTOPHER,**
**a/k/a Marcus Christopher, a/k/a Marcus D Christopher, a/k/a Marcus Dewayne**
**Christopher, a/k/a "Moe," a/k/a "Big Moe," a/k/a "Big Boy," a/k/a "Big Man," a/k/a**
**"thirdward_moe,"**

**MARQUIS JUWAN ERSKIN,**
**a/k/a Marquis Erskin, a/k/a Marquis J Erskin, a/k/a Marquis J Erskiin, a/k/a**
**Marquis Juwa Erskin, a/k/a "Erski," a/k/a "Bangzz," a/k/a "Cocaine_bangzz," and**

along with others known and unknown to the Grand Jury, while aiding, abetting, counselling, and inducing each other, committed a violation of Title 18, United States Code, Section 924(c), that is, unlawfully and knowingly used and carried a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering Activity of Sam Johnson, as set forth above, (Title 18, United States Code, Section 1959(a)(1)) and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Sam Johnson through the use of a firearm, said killing being first degree murder as defined in Title 18, United States Code, Section 1111(a), all in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

## NOTICE OF SPECIAL FINDINGS

The allegations of Count One of this First Superseding Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

## SHAQUILE O'NEAL RICHARDS

As to Count One, Defendant SHAQUILE O'NEAL RICHARDS:

1. Was more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim  (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense after previously been convicted of a violent felony involving firearm (18 U.S.C. § 3591(c)(2));

7. Committed the offense after previously been convicted of 2 or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (18 U.S.C. § 3592(c)(4));

8. In the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (18 U.S.C. § 3592(c)(5));

9. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

10. In the commission of the offense, intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## <u>ALEXANDRA ELIZABETH NICKS</u>

As to Count One, Defendant ALEXANDRA ELIZABETH NICKS:

1. Was more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim victims (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. In the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (18 U.S.C. § 3592(c)(5));

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8. In the commission of the offense, intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## <u>MARCUS DEWANE CHRISTOPHER</u>

As to Count One, Defendant  MARCUS DEWANE CHRISTOPHER:

1. Was more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

2.  Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3.  Intentionally inflicted serious bodily injury that resulted in the death of the victim  (18
    U.S.C. § 3591(a)(2)(B));

4.  Intentionally participated in an act, contemplating that the life of a person would be
    taken or intending that lethal force would be used in connection with a person, other
    than one of the participants in the offense, and the victim died as a direct result of the
    act (18 U.S.C. § 3591(a)(2)(C));

5.  Intentionally and specifically engaged in an act of violence, knowing that the act
    created a grave risk of death to a person, other than one of the participants in the
    offense, such that participation in the act constituted a reckless disregard for human life
    and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6.  In the commission of the offense, knowingly created a grave risk of death to one or
    more persons in addition to the victims of the offense (18 U.S.C. § 3592(c)(5));

7.  Committed the offense after substantial planning and premeditation to cause the death
    of a person (18 U.S.C. § 3592(c)(9)); and

8.  In the commission of the offense, intentionally killed or attempted to kill more than one
    person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## MARQUIS JUWAN ERSKIN

As to Count One, Defendant MARQUIS JUWAN ERSKIN:

1.  Was more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

2.  Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3.  Intentionally inflicted serious bodily injury that resulted in the death of the victim  (18
    U.S.C. § 3591(a)(2)(B));

9

4.  Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5.  Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6.  In the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (18 U.S.C. § 3592(c)(5));

7.  Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.  In the commission of the offense, intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

<u>FORFEITURE ALLEGATION</u>

The allegations contained in Count One are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of any of the offenses set forth in this Superseding Indictment, the defendants,

**SHAQUILE O'NEAL RICHARDS,**
**a/k/a "SHAQUILE RICHARDS," a/k/a "Shaq," a/k/a "103 Shaq," a/k/a "103shaq_isback,"**

**ALEXANDRA ELIZABETH NICKS,**
**a/k/a "Bloodbath," a/k/a "Alimo," a/k/a "Alamo,"**

## MARCUS DEWANE CHRISTOPHER,
a/k/a Marcus Christopher, a/k/a Marcus D Christopher, a/k/a Marcus Dewayne Christopher, a/k/a "Moe," a/k/a "Big Moe," a/k/a "Big Boy," a/k/a "Big Man," a/k/a "thirdward_moe,"

## MARQUIS JUWAN ERSKIN,
a/k/a Marquis Erskin, a/k/a Marquis J Erskin, a/k/a Marquis J Erskiin, a/k/a Marquis Juwa Erskin, a/k/a "Erski," a/k/a "Bangzz," a/k/a "Cocaine_bangzz," and

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and

Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the

commission of the offense.

1. If any of the property described above, as a result of any act or omission of any defendant:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code,

Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

A TRUE BILL:

Original Signature on File

FOREPERSON OF THE GRAND JURY

11

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

BY: _____
    Kelly Zenón-Matos
    Assistant United States Attorneys


DAVID L. JAFFE
CHIEF, VIOLENT CRIME AND RACKETEERING SECTION,
UNITED STATES DEPARTMENT OF JUSTICE

BY: _____
    Jodi Anton
    Trial Attorney