IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *versus* | § § | CRIMINAL NO. 4:23-CR-105 |
| SHAQUILE O'NEAL RICHARDS | § | |

**RESPONSE TO GOVERNMENT'S OMNIBUS MONTION IN LIMINE (1-16)**
**(Doc. #345)**

**TO THE HONORABLE JUDGE GEORGE HANKS:**

**COMES NOW SHAQUILE O'NEAL RICHARDS,** by and through his attorney of record, Janet Celeste Blackburn, who files this response to the Government's Omnibus Motion in Limine (1-16) (Doc. #345).

The Government requests that a hearing first be held outside the presence of the jury prior to the admission of certain items. My position on these items are:

1. **Testimony only through the Defendants** – This request, as written, is too vague and overbroad. It is impossible to know what the Government considers to be "information or facts which could only come to the jury's attention through the sworn testimony of the Defendants." Additionally, this request limits Mr. Richards' right to confront and cross-examine the witnesses against him and prevents him for presenting a defense. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004)(The Sixth Amendment's Confrontation Clause provides that,

"[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."); *see also Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005)(The Sixth Amendment right to present a complete defense encompasses a defendant's rights under the Confrontation Clause to rebut the State's evidence through cross-examination).

2. **Sentencing Issues** – I agree that either party – defense or government - should request a hearing outside the presence of the jury to determine admissibility prior to referencing sentencing issues.

3. **DOJ's Determination as to Death Penatly** – I agree that either party – defense or government - should request a hearing outside the presence of the jury to determine admissibility prior to referencing the Department of Justice's decision on whether to seek the death penalty in this case.

4. **Questioning of Laws** – This request, as written, is vague and overbroad. It is difficult to know what the Government considers to be a "question, comment, argument, or testimony encouraging the jury to judge the wisdom or value of the laws which the Defendants are accused of violating." Additionally, this request limits Mr. Richards' right to confront and cross-examine the witnesses against him and prevents him for presenting a defense. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004)(The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the

right…to be confronted with the witnesses against him."); *see also Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005)(The Sixth Amendment right to present a complete defense encompasses a defendant's rights under the Confrontation Clause to rebut the State's evidence through cross-examination).

5. **Effect on Children or Family** - This request, as written, is vague and overbroad. It is difficult to know what the Government considers to be a "question, comment, argument, or testimony encouraging the jury to judge the wisdom or value of the laws which the Defendants are accused of violating." Additionally, this request limits Mr. Richards' right to confront and cross-examine the witnesses against him and prevents him for presenting a defense. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004)(The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."); *see also Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005)(The Sixth Amendment right to present a complete defense encompasses a defendant's rights under the Confrontation Clause to rebut the State's evidence through cross-examination).

6. **Collateral Attack** - I agree that either party – defense or government - should request a hearing outside the presence of the jury to determine admissibility prior to referencing any criminal convictions in this trial.

7. **<u>Arguments Regarding Suppression</u>** - I agree that either party – defense or government - should request a hearing outside the presence of the jury to determine admissibility prior to referencing any suppression arguments in the trial.

8. **<u>Bias or Sympathy</u>** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to stating and eliciting in any manner from any witness, any question, comment, argument, or testimony encouraging the jury to base their verdict in any way on bias or sympathy – to include bias or sympathy for Walter Fields and Sam Johnson.

9. **<u>Jury Nullification Issues</u>** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to arguments regarding jury nullification.

10. **<u>Preclude Forms of Argument Related to Selective Prosecution</u>** – Shaquille Richards did not join in the referenced motions filed by a co-defendant alleging racial profiling and selective prosecution. I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to statements, questions, or arguments regarding racial profiling or selective prosecution.

11. **<u>Disputes Over Discovery in Front of the Jury</u>** – I agree that either party – defense or government – should request a hearing outside the presence of the

jury regarding discovery issues. This includes statements as to whether the Government believes a discovery item has "already been produced," "turned over" to the defense, or that the defendants have had access to discovery.

12. **Length of Time Concerns** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to determine the admissibility of the length of time passed between indictment in this case and the trial. This agreement would include arguments, allusions, or statements, by the Government that any delay is the fault of the defendants or defense counsel.

13. **Plea Negotiations** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to determine the admissibility of any evidence or argument related to plea negotiations.

14. **Defense Counsel Opinions** – I agree to not refer to the length of time I have known Shaquille Richards and that I do not know Alexandra Nicks without first requesting a hearing outside the presence of the jury. However, the reminder of the request, as written, is too vague and overbroad. It is impossible to know what the Government considers to be my personal opinion or relationship with or view of Shaquille Richards or Alexandra Nicks. Further, the plain reading of this question would exclude even the mention that I am the attorney for Shaquille Richards. Additionally, this request limits Mr. Richards' right to confront and cross-examine the witnesses against him and prevents him for

presenting a defense. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004)(The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."); *see also Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005)(The Sixth Amendment right to present a complete defense encompasses a defendant's rights under the Confrontation Clause to rebut the State's evidence through cross-examination).

15. **Reference to Non-Testifying Witnesses** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to determine the admissibility of any evidence or argument regarding a non-testifying witness who is ***equally available to both sides***.

16. **Unrelated Allegations of Police Misconduct** – I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to determine the admissibility of any evidence or argument related ***unrelated allegations*** of police misconduct by the Houston Police Department, including misconduct by Officer Gerald Goines.

17. **Self-Serving Statements**  - I agree that either party – defense or government – should request a hearing outside the presence of the jury prior to determine the admissibility of any evidence or argument related to the admission of ***any statements by Shaquille Richards***.

Respectfully Submitted,

*/s/ Celeste Blackburn*
Janet Celeste Blackburn
Texas State Bar Number 24038803
Attorney for Shaquille Richards
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
(936)703-5000
celesteblackburn@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Government's Omnibus Motion in Limine (1-16)(Doc. #345) was delivered via electronic filing to the Assistant United States Attorney in this cause on December 23, 2025.

*/s/ Celeste Blackburn*
Janet Celeste Blackburn