IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CRIMINAL NO. 4:23-CR-105 |
| | § | |
| SHAQUILE O'NEAL RICHARDS | § | |

## RESPONSE TO UNITED STATES' MOTION IN LIMINE IN SUPPORT OF ADMISSIBILITY OF RECORDINGS & FRE 404(b) (Doc. #273)

**TO THE HONORABLE JUDGE GEORGE HANKS:**

**COMES NOW SHAQUILE O'NEAL RICHARDS,** by and through his attorney of record, Janet Celeste Blackburn, who files this response to the United States' Motion in Limine in Support of Admissibility of Recordings & FRE 404(b) (Doc. #273).

In response:

If this motion is requesting the Court to make a ***pre-trial ruling*** on the admissibility of two jail phone calls purporting to be between "Xavier Francis" and Mr. Richards in November of 2021, almost four years after the allegations in the indictment, then I object to the Court making a ***pre-trial*** determination as to the admissibility of this alleged evidence.

At this point in time, no evidence has been presented at trial regarding this case. The Government has made allegations in the indictment and in their filings, but the

Court has heard no evidence to determine the admissibility of the calls between Mr. Richards and "Xavier Francis," nor has the Court heard how a phone call with a member of the Cuney Homes Brick Boy gang is relevant to the allegations in the indictment. The Government makes assumptions in its motion as to what the defensive theory will be at trial to support request for admission; however, no theory has been yet presented.

An admissibility ruling would be more appropriate during trial. The requested hearing outside the presence of the jury would not take up much time. The Government could simply request to approach the bench prior to eliciting the testimony, and then both sides could present arguments based on the evidence and defensive theories the trial court has heard regarding whether the testimony the Government seeks to admit admissible.

Based on the testimony at trial, certain aspects of what the Government wants to admit may not be relevant to the allegations as alleged in the indictment. For example, these recorded calls occurred approximately four years after the allegations in the indictment. Additionally, the context and interpretation of these calls is vitally important for the Court to review as demonstrated in the Government's motion by the need to use parentheticals to define terms/explain the Government's interpretation of a word or phrase or identify individuals. The calls also appear, based on the

Government's motion, to include information about Mr. Richards' status as being on bond for a criminal offense.

Should this Court decide to make a pre-trial ruling on the admissibility. This evidence is not relevant. These alleged conversations occurred almost four years after the allegations in his case, and they do not involve any of the same co-defendants. In fact, they are alleged statements between Mr. Richards and a member of the Cuney Homes Brick Boy gang. Regardless of whether the alleged statements are statements by a party opponent and/or statements against interest; they are not relevant. The statements set forth in the Government's motion are not relevant to whether the allegations in the indictment are true. It appears they are being offered to show Mr. Richards' bad character for "attacking and killing individuals." Without hearing evidence at trial, this court is in a difficult position in performing an evaluation of the purpose for the admission of such information to determine if it is relevant or offered to merely show bad character.

To support the Government's position the calls are relevant, the Government's motion assumes Mr. Richards will not testify at trial and assumes that he will argue he never had the "intent" to "order" a murder and that he had no knowledge of racketeering activities at the time of the offense. The Government is requesting this Court to make a pre-trial ruling on the admissibility of evidence based on their

assumptions of what defensive theories may be presented at trial. This supports a deferment by this Court on this issue.

If they are relevant, then their probative value is outweighed by the danger of unfair prejudice. The Court is also tasked to perform a balancing test regarding the probative value of the jury knowing this information against its prejudicial effect. This balancing test is difficult, if not impossible, to conduct without hearing evidence at trial. It is obvious that the jury hearing what the Government believes to be evidence of "other shootings and killings" by Mr. Richards are prejudicial and will have a prejudicial effect on the jury. In fact, the Government suggests that a limiting instruction would assist the jury with this effect. Lastly, there is little probative value in admitting these calls to show Mr. Richards' participation in the charged offense four years prior.

Mr. Richards requests that the Court wait until it has heard evidence in this case to determine the admissibility of testimony/evidence. Alternatively, Mr. Richards requests that the Government's motion be denied and this evidence not be permitted.

Respectfully Submitted,

*/s/ Celeste Blackburn*
Janet Celeste Blackburn
Texas State Bar Number 24038803
Attorney for Shaquille Richards
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
(936)703-5000
celesteblackburn@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to United States' Motion in Limine in Support of Admissibility of Recordings & FRE 404(b) (Doc. #273) was delivered via electronic filing to the Assistant United States Attorney in this cause on December 23, 2025.

*/s/ Celeste Blackburn*
Janet Celeste Blackburn