IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL NO. 4:23-CR-105 |
| | § | |
| SHAQUILE O'NEAL RICHARDS | § | |

### RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE INEXTRICABLY INTERTWINED EVIDENCE OR ALTERNATIVELY 404(B) EVIDENCE (Doc. #347)

**TO THE HONORABLE JUDGE GEORGE HANKS:**

**COMES NOW SHAQUILE O'NEAL RICHARDS,** by and through his attorney of record, Janet Celeste Blackburn, who files this response to the Government's Motion in Limine to Introduce Inextricably Intertwined Evidence or Alternatively 404(b) Evidence (Doc. #347).

The Government begins its motion by stating it is filing notice of its intent to introduce evidence as inextricably intertwined evidence or under Federal Rules of Evidence 401 and 404(b), but prays that the Court "grant" the motion. In response:

If this "motion" is notice from the Government that it intends to offer evidence that Shaquille Richards was incarcerated in October of 2017, at the time of the alleged offense, when recorded jail phone calls were made – I have acknowledge receipt of the notice as provided in Document 347.

If this "motion" is requesting the Court to make a ***pre-trial ruling*** on the admissibility of evidence to show that "in October 2017 at the time the shootings and murder were committed, Defendant Richards was in State custody in Harris County at TDC serving a six-year state prison sentence in case number 152897901010 when he was intercepted on recorded jail phone calls directing other members of the 103 gang to commit a retaliatory killing," then I object to the Court making a ***pre-trial*** determination as to the admissibility of this alleged evidence.

At this point in time, no evidence has been presented at trial regarding this case. The Government has made allegations in the indictment and in their filings, but the Court has heard no evidence to determine the admissibility of the alleged jail calls, nor of the reasons for Mr. Richards' confinement.

This admissibility ruling would be more appropriate during trial. The requested hearing outside the presence of the jury would not take up much time. The Government could simply request to approach the bench prior to eliciting the testimony, and then both sides could present arguments based on the evidence the trial court has heard regarding whether the testimony the Government seeks to admit is "inextricably intertwined" or admissible as Rule 404(b) evidence.

Based on the testimony at trial, certain aspects of what the Government wants to admit may not be relevant to the allegations as alleged in the indictment. For example, whether a recorded phone call was made from a jail, a home, or a cell phone

does not have any relevance on whether the contents of the call are "directing other members of the 103 gang to commit a retaliatory killing." Neither would the offense or length of conviction for which Mr. Richards was confined be of any relevance to the alleged offense or ultimate question of whether he directed "other members of the 103 gang to commit a retaliatory killing." These are decisions best left for the Court to make after hearing testimony from the witness stand, rather than making a pre-trial ruling on admissibility.

    Should this Court decide to make a pre-trial ruling on the admissibility. A criminal conviction of Mr. Richards is not "inextricably intertwined evidence" in this trial. As stated above the phone call alleged could have been made regardless of Mr. Richards confinement. His alleged prison sentence, cause number, and housing do not complete the story of the crime by providing immediate context of the events in time and place. The shooting in this case did not occur at the Harris County Jail, and the Government does not allege that any criminal conviction of Mr. Richards was the basis for a "retaliatory killing." In other words, it is not because of Mr. Richards' alleged conviction that any alleged "retaliatory killing" was ordered. The Government asserts the jury will know Mr. Richards "was in custody at the time the jail call was made by the very nature of the call." Neither the Court nor I know what specific call the Government is referring to or if the very nature of the call demands that the jury know he was alleged to be in "State custody in Harris County at TDC serving a six-year state

prison sentence in case number 152897901010…". If the government is referring to the recording notification at the beginning of a call made from an incarceration facility, the Court could order that portion to be redacted. The difficulty in responding to this argument is the pre-trial nature of this request.

The Government further alleges that if the allegation that Mr. Richards, "in October 2017 at the time of the shootings and murder were committed, Defendant Richards was in State custody in Harris County at TDC serving a six-year state prison sentence in case number 152897901010 when he was intercepted on recorded jail phone calls directing other members of the 103 gang to commit a retaliatory killing" is not "inextricably intertwined evidence," then it is 404(b) evidence and thus admissible. Without hearing evidence at trial, this court is in a difficult position in performing an evaluation of the purpose for the admission of such information to determine if it is relevant or offered to merely show bad character. The Government's motion only provides the Court with an opinion that "the extrinsic evidence is relevant…and not offered merely to show bad character."

The Court is also tasked to perform a balancing test regarding the probative value of the jury knowing this information against its prejudicial effect. This balancing test is difficult, if not impossible, to conduct without hearing evidence at trial. It is obvious that the jury being told Mr. Richards was in State custody in Harris County at TDC serving a six-year state prison sentence is prejudicial and will have a prejudicial

effect on the jury, and there is little probative value in the jury knowing why Mr. Richards was incarcerated or that the recorded call was made on a phone at the Harris County Jail.

Mr. Richards requests that the Court wait until it has heard evidence in this case to determine the admissibility of testimony/evidence that "in October 2017 at the time the shootings and murder were committed, Defendant Richards was in State custody in Harris County at TDC serving a six-year state prison sentence in case number 152897901010 when he was intercepted on recorded jail phone calls directing other members of the 103 gang to commit a retaliatory killing." Alternatively, Mr. Richards requests that the Government's motion be denied and this evidence not be permitted as either extrinsic evidence or under Rule of Evidence 404.

Respectfully Submitted,

*/s/ Celeste Blackburn*
Janet Celeste Blackburn
Texas State Bar Number 24038803
Attorney for Shaquille Richards
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
(936)703-5000
celesteblackburn@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Government's Motion in Limine to Introduce Inextricably Intertwined Evidence or

Alternatively 404(B) Evidence (Doc. #347) was delivered via electronic filing to the Assistant United States Attorney in this cause on January 6, 2026.

*/s/ Celeste Blackburn*
Janet Celeste Blackburn
