**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIM. NO. 4:23-CR-00105** |
| | § | |
| **SHAQUILE O'NEAL RICHARDS,** | § | |
| **a/k/a Shaquille Richards, a/k/a** | § | |
| **"Shaq," a/k/a "103 Shaq," a/k/a** | § | |
| **"103shaq_isback,"** | § | |
| | § | |
| **ALEXANDRA ELIZABETH NICKS,** | § | |
| **a/k/a "Bloodbath," a/k/a "Alimo,"** | § | |
| **a/k/a "Alamo,"** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO**
**CONTINUE RETRIAL AT DOCKET NO. 457**

The United States of America, by and through its Acting United States Attorney, John Marck, and the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, hereby moves this Honorable Court to deny Defendant Alexandra E. Nicks's motion to continue the retrial set to begin on, July 6, 2026, and in support thereof, state as follows:

*A. Procedural Background*

On April 20, 2026, the parties filed a Joint Motion to Continue the retrial previously set for May 11, 2026, after the Government received new discovery consisting of an extraction of a password-protected cellular phone belonging to Defendant Alexandra E. Nicks. As the Government informed counsels, the state had been unable to access the phone for years despite repeated attempts.

In the joint motion, the Government agreed that both defendants needed additional time to review the newly obtained extraction and therefore agreed to a continuance. The Court subsequently reset the retrial for July 6, 2026.

The search of Defendant Nicks's cellular phone was conducted pursuant to a state-issued search warrant. The phone has always remained in the custody of state authorities because Defendant Nicks continues to face pending felony charges at the state level.

### B.  Discovery disclosure

In late April 2026, the Government received the Cellebrite extraction of Defendant Nicks's cellphone and disclosed an exact copy to the defense on April 22, 2026.

Cellebrite is software used by law enforcement agencies to extract a forensically sound, bit-for-bit copy of the data stored on a mobile device. After extraction, the software organizes the information into an easy-to-read report that allows investigators and attorneys to search and review text messages (including deleted ones), call logs, contacts, photos, videos, audio files, location information, application data, browser history, and—in some cases—encrypted content.

Law enforcement officers who perform Cellebrite extractions are not considered expert witnesses because Cellebrite is simply an extraction tool that copies data without offering analysis or opinion. *United States v. Williams,* 83 F.4th 994, 997 (5th Cir. 2023); *United States v. Rubio*, No. 21-50886, 2022 WL 17246937, at *2 (5th Cir. Nov. 28, 2022).[1]

---

[1] The Government also notes that, as in the original trial, it intends to introduce social-media evidence consisting of Instagram direct messages and photographs involving Defendant Nicks and other co-conspirators. This evidence was previously admitted in the original trial through the non-expert testimony of HPD Officer Anthony Turner. To date, the Government has received no notice that Defendant intends to challenge the admissibility of this material through expert testimony. Courts have consistently held that presenting or describing the contents of a cellphone does not require expert qualification. Accordingly, the Government is unclear as to what aspect of the data from Defendant's cellphone would necessitate expert testimony.

**Here, Defendant Nicks has had the complete Cellebrite extraction report since April 22—75 days before trial.**

### C. *The Government Provided the Raw Data Once Available*

On April 23, 2026, Defendant requested the "raw data" from the cellphone—material that was not in the Government's possession at the time—as well as the search warrant and certain technical clarifications.[2]

The Government received the raw data in early June 2026, approximately one month before trial, and promptly provided an exact copy to defense counsel. The same production included the original state search warrant.

### D. *Delays Caused by Defense Expert Funding Do Not Justify a Continuance.*

Although Defendant Nicks's motion is somewhat unclear, the request for a continuance appears to be based not on any Government delay—because the defense has had the Cellebrite extraction since April—but rather on the fact that Defendant did not receive funds to hire a forensic expert until June 9, 2026.

Defendant offers no explanation as to why counsel could not begin reviewing the extraction provided in April, or why counsel could not consult with—or at least preliminarily engage—an expert while awaiting full funding approval.

Additionally, while the Government does not seek and is not entitled to insight into the defense's strategic decisions, the defense nonetheless had a duty to notify the Court at the earliest opportunity if expert-funding issues or anticipated expert review delays could affect trial preparation. If Defendant Nicks believed the extraction required substantial expert analysis and

---

[2] Raw data from a cellphone is a full, untouched copy of everything stored in the phone, saved exactly as the device holds it. A Cellebrite report is a cleaned-up, easy-to-read version created by forensic software that organizes the raw data into things like messages, photos, contacts, and call history.

that the lack of funding impeded that process, counsel should have advised the Court in May, rather than waiting until early June and now asserting that the remaining time is insufficient to analyze the phone.

Conversely, Defendant Nicks offers no explanation as to why, if expert funds are currently available, an analysis of the cellphone would nonetheless require more than 30 days to complete.

### E. Continuance of Trial is Not Warranted

The Government has fulfilled all discovery obligations in this case. The defense has had more than sufficient time—since April—to review the Cellebrite cellphone extraction.

The evidence extracted from Defendant Nicks's cell phone that the Government intends to introduce at trial consists merely of photographs and text message conversations.  The substance of the photographs and conversations is drug trafficking, which is alleged in both the original and superseding indictment to be a racketeering activity connected to the enterprise. The Government elicited testimony of drug trafficking at the initial trial. The proposed evidence from Defendant Nicks's cell phone is neither complex nor voluminous and any expert analysis—if required at all— would not reasonably require 30 days to complete.

Furthermore, the July 6, 2026, trial date has been set for months, and both the public and the victim's family have a significant interest in the timely resolution of this matter. Defendant Nicks has not demonstrated good cause for a continuance, nor provided any specific reason why a defense expert would require additional weeks—or more than a month—to analyze the data.

Finally, the undersigned prosecutor has multiple upcoming trial settings that were scheduled in reliance on the July 6 trial date in this case. A continuance would impose a substantial

burden on the Government, as it would require the reassignment of complex cases that the undersigned has handled since their inception to other AUSAs.[3]

Additionally, the Government's case agent and witness, HPD Officer Anthony Turner, is also assigned as the lead case agent in a separate complex matter set for trial on August 3, 2026, which was likewise scheduled with the July 6 trial date in mind. A continuance in this case may therefore disrupt that proceeding as well.[4]

*F.  Conclusion*

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant Nicks's motion to continue the July 6, 2026, trial setting.

Respectfully submitted, this 15th day of June, 2026, in Houston, Texas.

JOHN MARCK
Acting United States Attorney


***/S/ Kelly Zenón-Matos***
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Main: (713) 567-9000
Direct: (713) 567-9362
Email: kelly.zenon@usdoj.gov

---

[3] United States v. Roberson, Crim. No. 4:25-cr-00355, trial set for August 4, 2026 (federal arson resulting in death); United States v. Pfeffer, Crim. No. 4:24-cr-00543, trial set for September 16, 2026 and expected to last 3-4 weeks (multi-defendant RICO conspiracy and VICAR conspiracy resulting in murder); United States v. Jackson, Crim. No. 4:23-cr-00427, trial set for November 12, 2026 (21 USC § 846, and Money Laundering).

[4] United States v. Brown, Crim. No. 4:24-cr-00371, trial set for August 3, 2026 (multi-defendant conspiracy to commit wire fraud [bail bond fraud conspiracy]).

*/s/Jodi L. Anton*

Jodi L. Anton,
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section (VCRS)
1301 New York Ave., NW, Suite 700, Washington,
DC 20005
Florida Bar Number 184098

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this response was served on counsels of record via electronic court filing on June 15, 2026.

*/S/ **Kelly Zenón-Matos***
Kelly Zenón-Matos
Assistant United States Attorney United
States Attorney's Office