**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIM. NO. 4:23-CR-00105** |
| | § | |
| **SHAQUILE O'NEAL RICHARDS,** | § | |
| **a/k/a Shaquille Richards, a/k/a** | § | |
| **"Shaq," a/k/a "103 Shaq," a/k/a** | § | |
| **"103shaq_isback,"** | § | |
| | § | |
| **ALEXANDRA ELIZABETH NICKS,** | § | |
| **a/k/a "Bloodbath," a/k/a "Alimo,"** | § | |
| **a/k/a "Alamo,"** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' OPPOSED MOTION IN LIMINE TO PREVENT REFERENCE TO THE PENDING MOTION TO DISMISS IN UNITED STATES V. ERSKIN (NO. 4:26-CR-120) AND RELATED ALLEGATIONS AT RETRIAL**

The United States of America, by and through its Acting United States Attorney, John Marck, together with the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, respectfully moves, in limine, for an order precluding Defendants from mentioning, eliciting, or arguing—during voir dire, openings, witness examinations (including the testimony of Marquis J. Erskin), and closings—any reference to the pending motion to dismiss filed by Marquis J. Erskin in the case of *United States v. Erskin,* No. 4:26-CR-120 (S.D. Tex.), or to allegations of vindictive and selective prosecution in that separate case. That motion remains pending before Senior Judge Lee H. Rosenthal and raises pretrial legal issues reserved for judicial determination, not matters for the jury in this retrial.

I.      *Factual Background*

On March 9, 2023, a federal grand jury in the Southern District of Texas returned a one-count indictment charging Marquis J. Erskin, along with Shaquile O'Neal Richards, Alexandra Elizabeth Nicks, and others, with using a firearm during and in relation to a crime of violence resulting in murder.

On July 2, 2025, Erskin plead guilty without a plea agreement. While awaiting sentencing, the Government was notified by the FBI in late September 2025 that Erskin had been found in possession of drugs and had assaulted two correctional officers at the Joe Corley Processing Center. The Government began evaluating that conduct for potential charges.

In late December 2025, the Government received discovery related to these incidents and produced it to defense counsel and the U.S. Probation Office. In early January 2026, an Amended PSR was filed detailing several prison-misconduct incidents, including Erskin's assault on a correctional officer in September 2025. On January 8, 2026, Erskin was sentenced to 285 months of imprisonment.

From January 12, 2026 to January 27, 2026, the Government tried the instant case against defendants Richards and Nicks, which ended in a mistrial. On the seventh day, Erskin testified after being subpoenaed and advised of his Fifth Amendment rights. During cross-examination, Erskin acknowledged his criminal history and admitted assaulting a correctional officer in 2025.

Before his testimony, the Government asked the Court to confirm whether Erskin intended to waive his Fifth Amendment rights "**because the witness has an extensive criminal history and involvement in multiple matters for which he could be charged**" (emphasis added). The Court clarified that Erskin had been advised of his rights and had waived them. (Tr. of Jury Trial, Day Seven (January 21, 2026), at 7.)

2

After the trial, the Government resumed its review of possible charges against Erskin. Following witness interviews, evidence collection, and review of prior materials, the Government presented a one-count indictment for assault on a federal officer against Erskin. (*United States v. Erskin*, No. 4:26-CR-120.)

On May 25, 2026, Erskin moved to dismiss, alleging vindictive and selective prosecution, claiming the indictment was retaliation for his testimony in the instant case, which, according to him, created reasonable doubt for some jurors. He therefore asked the Court to apply a presumption of vindictiveness and dismiss the indictment.[1] (Erskin, ECF No. 11.)

The Government opposed, explaining that, under Supreme Court and circuit precedent, pre-indictment charging decisions receive broad deference and no presumption of vindictiveness applies. The Government further argued that Erskin offered no evidence of actual vindictiveness as required by precedent and that the chronology of the investigation defeated any allegation of retaliation. The Government also clarified that the indictment would not prevent Erskin from testifying again for the defense in the instant case. (Erskin, ECF No. 12.)

On July 30, 2026, a motion hearing was held before Senior Judge Lee H. Rosenthal. At its conclusion, the Court requested supplemental briefing concerning an in camera review of grand jury proceedings. The matter remains pending. During the hearing, counsel for Erskin also asserted that his client intended to testify on behalf of the defense during the upcoming retrial in the case at bar.

---

[1] Erskin's motion focused primarily on vindictive prosecution; his selective-prosecution claim was insufficiently developed.

II.     Argument

    A.     *References to the pending vindictive prosecution motion are irrelevant to the issues before the jury in retrial.*

Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) expressly classifies "selective or vindictive prosecution" as a "defect in instituting the prosecution." Thus, such claims must be raised by pretrial motion and are determined by the Court prior to trial.

The Supreme Court has determined that a claim of selective prosecution "is not a defense on the merits to the criminal charge itself." *United States v. Armstrong*, 517 U.S. 456, 463, 116 S. Ct. 1480, 1486, 134 L. Ed. 2d 687 (1996). *See In re U.S.,* 397 F.3d 274, 286 (5th Cir. 2005) ("Racially selective prosecution is a challenge to the prosecution, not a defense to the crime charged. Accordingly, the Federal Death Penalty Act affords no mitigation of penalty based on selective prosecution."). The principle applies equally to vindictive-prosecution claims.

Circuit and district courts have consistently held that selective prosecution is a legal question independent of a defendant's guilt or innocence and therefore not an issue to be presented to the jury. *In re U.S.,* 397 F.3d at 286 (holding that a proposed jury instruction would improperly create an extra-statutory and unauthorized defense of selective prosecution, and that a defendant is not entitled to have the court present such arguments to the jury under the guise of an instruction); *United States v. Kendrick*, 682 F.3d 974, 980 (11th Cir. 2012) (court did not abuse discretion in barring the defense from mentioning the previous acquittal or trial, or making any argument regarding vindictive prosecution); *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury); *United States v. Dufresne*, 58 F. App'x 890, 895 (3d Cir.

4

2003)(unpublished) ("[A] claim of vindictive prosecution is not permissible argument to a jury. It is properly raised in a pretrial motion to dismiss the prosecution."); *United States v. Wilson*, 639 F.2d 500, 502 (9th Cir. 1981) (a defense of vindictive or selective prosecution may not be presented to a jury); *United States v. Cardarella*, No. 07-00007-02/03-CR-WFJG, 2007 WL 2507751, at *3 (W.D. Mo. Aug. 30, 2007) (defendants are not permitted to present evidence relating to claims of vindictive and selective prosecution at trial); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (rejecting contention that issue of selective prosecution should have gone to the jury); *United States v. Gonzales*, No. 1:23-CR-1620 KWR, 2025 WL 1592337, at *6 (D.N.M. June 5, 2025) (the probative value of speculation regarding selective or vindictive prosecution is substantially outweighed by the risk of unfair prejudice and confusion of the issues pursuant to Rule 403); *United States v. Lopez*, 854 F. Supp. 57, 59–60 (D.P.R. 1994) (claim of selective or vindictive prosecution is separate from the ultimate issue of guilt and therefore not properly submitted to the jury).

Not only is a reference to a pending allegation of vindictive or selective prosecution irrelevant in the case at bar, but any such reference would create severe unfair prejudice to the Government, as well as confuse the issues, mislead the jury, and waste the jury's time—all reasons to exclude under Rule 403.

Evidence is admissible only if it has any tendency to make a fact of consequence more or less probable; irrelevant evidence is inadmissible. Fed. R. Evid. 401–402. The fact that Erskin filed a separate motion to dismiss in another case—challenging the Government's charging motives there—has no bearing on any element the jury must decide in this retrial. Fed. R. Evid. 401–402.

Even if minimally probative, the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time substantially outweighs any probative value. Fed. R. Evid.

403. *See United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020) ("Evidence whose only purpose is to invite jury nullification is, by definition, irrelevant and must be excluded.").

The jury in the upcoming retrial must decide the charges against Richards and Nicks—not adjudicate a collateral attack on a separate charging decision currently before another judge.

B.      *A tailored order will streamline the trial and avoid mistrial-risk.*

Motions in limine exist to streamline trials and prevent references so prejudicial that no instruction could cure them. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); Fed. R. Evid. 403; Fed. R. Evid. 611(a).

Defendants anticipate calling Marquis J. Erskin at this retrial. Because the filings in the Erskin case are public, the defendants in this case may attempt to reference Erskin's separate federal case (No. 4:26-CR-120) and argue that the Government's indictment there was vindictive or selective. Those allegations—which the Government vigorously disputes—are the subject of a pending Rule 12(b) motion before Senior Judge Rosenthal and fall entirely outside the province of the jury in this trial.  Accordingly, the United States seeks to prevent jury confusion, avoid unnecessary use of trial time, and preclude any attempt to invite nullification under the guise of impeaching the Government. *See United States v. Williams*, 30 F.4th 263, 268 (5th Cir. 2022) ("Admitting confusing evidence gives the jury the chance to decide the case on an improper basis.").

C.      *The Court may allow limited bias impeachment while imposing reasonable limits to avoid harassment, confusion, and prejudice.*

The Confrontation Clause guarantees an opportunity for effective cross-examination but not cross that is "effective in whatever way, and to whatever extent, the defense might wish." The

6

Fifth Circuit approves reasonable limitations so long as the jury can assess bias. *See United States v. Cooks*, 52 F.3d 101, 104 (5th Cir. 1995) (no Sixth Amendment violation where jury had sufficient information to evaluate bias).

The Supreme Court likewise authorizes reasonable limits on cross to prevent harassment, confusion, and undue prejudice. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679–84 (1986); Fed. R. Evid. 611(a).

Consistent with these authorities, the Government proposes a narrow allowance (if the defense so insists) permitting inquiry that Erskin has a pending federal charge—but no mention of a motion to dismiss, no use of its allegations, and no argument that the Government acted improperly in that case.

III.    *Relief Requested*

For the reasons United States respectfully requests an order that:

1.  Bars any reference—direct or indirect—to the existence, content, timing, or status of Erskin's motion to dismiss, including citing filings, judges, or rulings in that case. See Fed. R. Evid. 401–403.

2.  Precludes argument or insinuation that the Government acted improperly in bringing charges against Erskin, as those issues are pending pretrial legal matters not for this jury. *See United States v. Armstrong*, 517 U.S. 456, 461–66 (1996); *United States v. Goodwin*, 457 U.S. 368, 380–82 (1982).

3.  Allows limited bias inquiry, if necessary, narrowly confined to whether Erskin has a pending federal charge (without mentioning a motion to dismiss or asserting misconduct), consistent with the Court's control under Rules 403 and 611 and Confrontation Clause

case  law. *Delaware v. Van Arsdall*, 475 U.S. 673, 679–84 (1986); *United States v. Cooks*,  52 F.3d 101, 104 (5th Cir. 1995).

WHEREFORE, the United States respectfully requests that the Court grant this Motion in Limine and enter the proposed order as requested.

Respectfully submitted, in Houston, Texas, this July 2, 2026.


JOHN MARCK
Acting United States Attorney



*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
Texas Bar No. 3848388
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Email: kelly.zenon@usdoj.gov



*/s/ Jodi L. Anton*
Jodi L. Anton,
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section (VCRS)
1301 New York Ave., NW, Suite 700, Washington, DC 20005
Florida Bar Number 184098

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was delivered to counsel for the defendants as listed via e-filing on Thursday, July 2, 2026.

By: */s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas

**CERTIFICATE OF CONFERENCE**

The undersigned prosecutors sent a copy of this motion to defense counsels to inquire about their position, and both are opposed to the in limine request.

By: */s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas