**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIM. NO. 4:23-CR-00105** |
| | § | |
| **SHAQUILE O'NEAL RICHARDS,** | § | |
| **a/k/a Shaquille Richards, a/k/a** | § | |
| **"Shaq," a/k/a "103 Shaq," a/k/a** | § | |
| **"103shaq_isback,"** | § | |
| | § | |
| **ALEXANDRA ELIZABETH NICKS,** | § | |
| **a/k/a "Bloodbath," a/k/a "Alimo,"** | § | |
| **a/k/a "Alamo,"** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER

Defendant Alexandra Elizabeth Nicks ("Defendant Nicks") seeks severance based on the Government's intent to introduce codefendant Shaquile O'Neal Richards's ("Defendant Richards") 2017 robbery conviction as enterprise evidence in support of Count One (Murder in Aid of Racketeering) and Count Two (18 U.S.C. § 924(j)). Because robbery is an enumerated racketeering activity in this case, charged and uncharged robberies by enterprise members are relevant to prove enterprise existence, violent methods, and defendants' roles. Further, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *United States v. Snarr*, 704 F.3d 368, 396 (5th Cir. 2013). Consequently, Defendant Nicks's Motion to Sever should be denied.

1

## I.   BACKGROUND

On February 26, 2026, a federal grand jury returned a second superseding indictment against Defendant Richards and Defendant Nicks. Count One alleges that the defendants, aided and abetted by other individuals known and unknown to the grand jury, committed a murder for the purpose of gaining entrance to, or maintaining and increasing position in, an enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1). The enterprise is the "103" enterprise, and the charged racketeering activities include murder, robbery, and drug trafficking. Count Two charges the defendants with using a firearm during and in relation to a Murder in Aid of Racketeering, in violation of 18 U.S.C. § 924(j)(1), and is predicated on Count One (Murder in Aid of Racketeering).

As stated in the Government's Opposed Motion in Limine to Introduce Defendant's Prior Robbery Conviction as a Racketeering Act Under 18 U.S.C. § 1959 (the "Opposed Motion in Limine"), robbery is expressly listed as a type of racketeering activity in the Second Superseding Indictment, making both charged and uncharged robberies by enterprise members relevant to prove the existence of the enterprise and a defendant's role in that enterprise at trial.

On July 2, 2026, the Government filed the Opposed Motion in Limine giving notice of its intent to introduce evidence of Defendant Richards's prior aggravated robbery conviction as a racketeering act relevant to Count One and Count Two (ECF No. 474). The Opposed Motion in Limine argued the conviction is intrinsic to the Second Superseding Indictment because it completes the story of the crime by establishing Defendant Richards's role, the enterprise's violent activities, and the VICAR purpose element—

gaining, maintaining, or increasing position in the enterprise. Alternatively, the Government contended the conviction is admissible under Fed. R. Evid. 404(b) to prove motive, identity, knowledge, plan, membership, and enterprise purpose, and that any risk of unfair prejudice does not substantially outweigh its high probative value under Fed. R. Evid. 403.

## II.   ANALYSIS

### a. Joint trials are favored; severance under Rule 14 is reserved for exceptional prejudice.

Federal Rule of Criminal Procedure 8(b) allows the government to charge multiple defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." A companion rule, Federal Rule of Criminal Procedure 14(a), allows a court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if such joinder appears to prejudice a defendant or the government.

The Supreme Court and Fifth Circuit emphasize the "vital public interest in joint trials" because they promote efficiency, avoid inconsistent verdicts, and allow the jury to evaluate the enterprise evidence holistically. *See Zafiro,* 506 U.S. at 537–38*; United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (quoting Zafiro and stating "as a substantive matter, our case law does not reflect a liberal attitude toward severance" (internal quotation marks omitted)); *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012). Even where prejudice is shown, severance is not required; rather, it is within the district court's discretion how to tailor the relief granted. *Zafiro*, 506 U.S. at 538–39; *Snarr*, 704 F.3d at 396. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

3

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Snarr*, 704 F.3d at 396; *United States v. Owens*, 683 F.3d 93 (5th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 539). Joint trials are especially appropriate where, as here, defendants are charged with participation in the same racketeering enterprise and the same VICAR offense.

The Fifth Circuit has further emphasized that "limiting instructions are generally sufficient to prevent the threat of prejudice." *United States v. McClaren*, 13 F.4th 386, 398 (5th Cir. 2021) (quoting *United States v. Chapman*, 851 F.3d 363, 379 (5th Cir. 2017)). As discussed further below, Defendant Nicks has not demonstrated that a limiting instruction is not sufficient to prevent the threat of prejudice.

The indictment alleges an enterprise whose activities include robbery and other violent crimes. Richards's robbery conviction is not "other bad acts" evidence offered merely to show propensity; it is offered as a racketeering act that establishes the enterprise's purpose, means, and pattern of violent conduct. Where VICAR offenses are charged, the government must prove that an enterprise engaged in racketeering activity existed. Thus, evidence of racketeering activity is admissible to prove the VICAR offense. Here, robbery was included in the Second Superseding Indictment as among the types of racketeering activity in which this enterprise was engaged; therefore, evidence of previous robberies committed by members of the enterprise, such as Defendant Richards, is admissible to prove that the charged enterprise was engaged in racketeering activity. Defendant Nicks is similarly charged with the VICAR offense; consequently, evidence of the racketeering activity is admissible against her as well. Such evidence is admissible against all defendants charged with VICAR- and RICO-related offenses to show that the

4

enterprise was engaged in racketeering activity, even if each defendant did not personally commit the particular racketeering act. *See Salinas v. United States*, 118 S. Ct. 469, 477 (1997); *United States v. Posada Rios*, 158 F.3d 832, 857 (5th Cir. 1998).

> **b. Evidence of an enterprise's violent activities, both uncharged and predating the charged conduct, is admissible as to all defendants charged under RICO/VICAR.**

In her motion, Defendant Nicks argues that Defendant Richards's robbery conviction does not involve her; is unnecessary to explain the parties' jail calls; and has not been shown to serve any enterprise purpose such as maintaining or increasing status. Defendant Nicks further argues that a joint trial would expose the jury to highly prejudicial violent-crime evidence that risks a verdict based on association rather than proof beyond a reasonable doubt of her conduct. Defendant Nicks is incorrect.

The Fifth Circuit, among other circuits, has held that enterprise evidence—including uncharged conduct and crimes committed by co-conspirators—is admissible against all defendants because it shows the nature, membership, and means of the enterprise. *See Posada Rios*, 158 F.3d at 857; *United States v. McClaren*, 13 F.4th 386, 401 (5th Cir. 2021) (evidence of drug sales, guns, and multiple murders admissible in gang RICO/VICAR case involving murder, robbery, extortion, and other serious offenses); *United States v. Ali*, 493 F.3d 387, 391–92 (3d Cir. 2007) (upholding admission of uncharged misconduct in a RICO case when intrinsic to the elements of racketeering); *United States v. Matera*, 489 F.3d 115, 120 (2d Cir. 2007) (uncharged murders by enterprise members admissible to prove the existence of the RICO conspiracy); *United States v. Baez*, 349 F.3d 90, 94 (2d Cir. 2003) (admission of sixteen uncharged robberies to show participation in the criminal enterprise governed by Rule 403, not Rule 404(b));

*United States v. Krout*, 66 F.3d 1420, 1425 (5th Cir. 1995) ("The government is not limited in its proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment."). Thus, in the instant case, the robbery conviction is intrinsic to the racketeering charge—it explains the violent character and objectives of the enterprise, making it not Rule 404(b) evidence at all, but direct proof of an element.

### c. Limiting instructions will adequately mitigate any prejudice.

In VICAR and RICO prosecutions, courts routinely admit prior convictions of enterprise members to demonstrate the racketeering-act element. *United States v. Erwin*, 793 F.2d 656, 670 (5th Cir. 1986); *United States v. Phillips*, 664 F.2d 971, 1015 (5th Cir. 1981); *United States v. Hawkins*, 658 F.2d 279, 288 (5th Cir. 1981); *United States v. Jones*, 873 F.3d 482, 496 (5th Cir. 2017) (citing Erwin regarding prior juvenile acts admitted to prove racketeering activity). The VICAR statute requires proof that an enterprise was engaged in racketeering activity; this can include racketeering activity committed by the defendant, a codefendant, or other members of the enterprise altogether.

In *Zafiro*, 506 U.S. at 539, the Supreme Court stated a broad principle concerning motions to sever:

> When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

Further, the Court stated that prejudice can be cured by proper instructions to a jury and that "jurors are presumed to follow their instructions." *Id.* at 540. Courts in the Fifth Circuit have agreed with Zafiro and found that targeted limiting instructions given to a jury can often cure prejudice in joint trials. *United States v. Bermea*, 30 F.3d 1539, 1572 (5th

Cir. 1994) (stating a jury is presumed to heed its instructions and separately that "[a]ny prejudice created by a joint trial can generally be cured through careful jury instructions"); *United States v. Shows Urquidi*, 71 F.4th 357, 379 (5th Cir. 2023) ("The jury instructions also sufficiently cured any spillover risk."); *Gutierrez v. Quarterman*, 201 F. App'x 196, 206 (5th Cir. 2006) (stating that proper instructions can be sufficient to prevent prejudice); see also *United States v. Robles*, 193 F.3d 519 (5th Cir. 1999).

As argued by Defendant Nicks in the instant case, the most common basis for a claim of prejudice is "evidentiary spillover"—the evidence against one or more defendants is so great that it "spills over" and unduly taints other defendants against whom the evidence is comparatively modest or who were relatively minor participants. Such claims are rarely granted. Severance on the basis of disparity of the evidence is required "only in the most extreme cases." *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990); *United States v. Wihbey*, 75 F.3d 761, 776 (1st Cir. 1996); *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985); *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976); see also *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993).

Courts have repeatedly held that clear cautionary instructions that allow the jury to compartmentalize the evidence are sufficient to avoid spillover and prejudice. *Zafiro*, 506 U.S. at 540 (noting juries are presumed to follow their instructions); *Shows Urquidi*, 71 F.4th at 379 ("The jury instructions also sufficiently cured any spillover risk."); *United States v. McClaren*, 13 F.4th 386, 398 (5th Cir. 2021) (upholding denial of severance even where defendants were not charged in the RICO conspiracy and their actions were less severe, because the charges were interrelated); *Krout*, 66 F.3d at 1430 (finding that, even

7

in a case where some defendants are charged in a RICO conspiracy and others are not, "normally, limiting instructions to the jury will cure any risk of prejudice").

### d. The calls between Richards and Nicks do not transform admissible enterprise evidence into unfair prejudice.

Defendant Nicks contends that a joint trial would cause jurors to unfairly associate Richards's prior robbery—and his resulting incarceration—with Nicks. Any risk of spillover prejudice, however, can be fully addressed through a tailored limiting instruction. The Fifth Circuit has long permitted the admission of enterprise and co-conspirator evidence in joint trials where relationships among participants create connections and has recognized that carefully crafted limiting instructions are an effective safeguard against misuse of such evidence. *See Posada Rios*, 158 F.3d at 860. Accordingly, the United States does not oppose a cautionary instruction informing the jury that evidence of Richards's 2017 robbery conviction is admitted solely for the limited purpose of establishing the existence, structure, and activities of the charged enterprise, and not for any other purpose.

### III. Severance would waste judicial resources and contradict the interests of justice.

The January trial's length does not justify splitting the case. A separate trial would duplicate witnesses, evidence, and judicial effort. The Fifth Circuit repeatedly holds that severance should not be granted when it creates inefficiency without serving a true need. *See Erwin*, 793 F.2d at 665.

### IV. CONCLUSION

Because Richards's robbery conviction is admissible to prove the existence, means, and violent activities of the enterprise under § 1959, and because Defendant Nicks has not

8

shown the "compelling prejudice" required for severance, the Court should deny the Motion to Sever.

Respectfully submitted, in Houston, Texas, this July 12, 2026.


AARON F. REITZ
United States Attorney



*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
Texas Bar No. 3848388
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Email: kelly.zenon@usdoj.gov



*/s/ Jodi L. Anton*
Jodi L. Anton,
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section (VCRS)
1301 New York Ave., NW, Suite 700, Washington, DC 20005
Florida Bar Number 184098

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was delivered to counsel for the defendants as listed via e-filing on Sunday, July 12, 2026.

By: */s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas